PLAINTIFF'S EXHIBIT 2

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

THIS SETTLEMENT AGREEMENT AND MUTUAL RELEASE ("Agreement") is made this ___ day of June, 2018, by and between Francisco Jimenez ("Plaintiff Jimenez"), Cristy Jones ("Plaintiff Jones") and Gary Howe Jr. ("Plaintiff Howe"), collectively ("Plaintiffs"), and Canterbury Restaurant, LLC ("Defendant Canterbury"), David P. Scheffenacker, Jr. ("Defendant Scheffenacker") and Sakis Georgakopoulos ("Defendant Georgakopoulos"), collectively ("Defendants"). Plaintiffs and Defendants are referred to collectively as the "Parties." This Agreement constitutes a full and final resolution of all grievances, complaints, charges, claims, causes of action, lawsuits and actions of any type or nature that could be brought pursuant to applicable law relating to Plaintiffs' employment with Defendants.

**WHEREAS**, Plaintiffs initiated a lawsuit against Defendants in a case entitled <u>Jimenez, et al. v. Canterbury Restaurant, LLC., et al.</u>, in the U.S. District Court for the District of Maryland (the "Court"), Civil Action No. 1:17-cv-03056-SAG, (hereinafter the "Litigation") asserting claims under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 201, *et seq.* (hereinafter "FLSA"), the Maryland Wage/Hour Law, Md. Ann. Code LE art. § 3-401, *et seq.* (hereinafter "MWHL"), and the Maryland Wage Payment and Collection Law, Md. Ann. Code art. § 3-501, *et seq.* (hereinafter "MWPCL");

**WHEREAS**, Defendants deny engaging in any wrongdoing and have asserted defenses thereto;

**WHEREAS**, the Parties have reached an agreement with each other pursuant to which they will fully and finally resolve all claims alleged by, related to, and/or arising from Plaintiffs' employment;

**NOW IN CONSIDERATION** of the mutual promises and covenants provided for by this Agreement, the sufficiency of which the Parties acknowledge, the Parties do hereby agree as follows:

1. **RECITALS.** The foregoing recitals are restated and incorporated herein by reference and made a part hereof.

2. **SETTLEMENT AMOUNT.**

As consideration for entering into the terms of this Agreement, Defendants shall pay, and Plaintiffs agree to accept, in full payment of all claims and causes of action, the aggregate sum of One Hundred Ninety Thousand One Hundred Dollars and Eighty-Four ($190,100.84) (the "Settlement Payment"), to be sent to Howard B. Hoffman, Attorney at Law, 600 Jefferson Plaza, Suite 204, Rockville, Maryland 20852, via reliable overnight courier, within thirty (30) calendar days from the date this Agreement is approved by the Court in the Litigation. Of the Settlement Payment:

(a) Twenty-Six Thousand Four Hundred Sixty Dollars and Fifty Cents ($26,460.50) represents payment by Defendants to Plaintiff Howe for full compensation of any and all lost wages. This settlement reflects compensation for alleged unpaid wages (50%) and liquidated damages (50%). Plaintiff Howe will be issued one check in the gross amount of $13,230.25 from which Defendants will pay all required withholdings and issue to Plaintiff a Form W-2. Plaintiff Howe will be issued a second check in the gross amount of $13,230.25 with no withholdings, reflecting the liquidated damages, and will be issued a Form 1099-MISC, "box 3" [Other Income], at the end of the year, and will be responsible for the payment of all taxes that may be associated with this entire amount.

(b) Forty Thousand Two Hundred Forty-One Dollars and Ninety-Two Cents

2

($40,241.92) represents payment by Defendants to Plaintiff Jones for full compensation of any and all lost wages. This settlement reflects compensation for alleged unpaid wages (50%) and liquidated damages (50%). Plaintiff Jones will be issued one check in the gross amount of $20,120.96 from which Defendants will pay all required withholdings and issue to Plaintiff a Form W-2. Plaintiff Jones will be issued a second check in the gross amount of $20,120.96 with no withholdings, reflecting the liquidated damages, and will be issued a Form 1099-MISC, "box 3" [Other Income], at the end of the year, and will be responsible for the payment of all taxes that may be associated with this entire amount.

(c)     Sixty-Eight Thousand Two Hundred Ninety-Seven Dollars and Fifty-Eight Cents ($68,297.58) represents payment by Defendants to Plaintiff Jimenez for full compensation of any and all lost wages. This settlement reflects compensation for alleged unpaid wages (50%) and liquidated damages (50%). Plaintiff Jimenez will be issued one check in the gross amount of $34,148.79 from which Defendants will pay all required withholdings and issue to Plaintiff a Form W-2. Plaintiff Jimenez will be issued a second check in the gross amount of $34,148.79 with no withholdings, reflecting the liquidated damages, and will be issued a Form 1099-MISC, "box 3" [Other Income], at the end of the year, and will be responsible for the payment of all taxes that may be associated with this entire amount.

(d)     Fifty Five Thousand One Hundred Dollars and Eighty-Four Cents ($55,100.84) represents attorneys' fees and costs paid to Howard B. Hoffman, Esq., and shall be reported to the IRS under Howard B. Hoffman, Esq.'s Federal Employer Identification Number on an IRS Form 1099, box 14, for the year in which it is paid. So that Defendants may issue an IRS Form 1099 to Howard B. Hoffman, Esq., Howard B. Hoffman, Esq. shall provide a completed IRS Form W-9 to Defendants at the time that each Plaintiff executes this Settlement Agreement.

Plaintiffs understand and agree that they shall be responsible for the payment of any and all taxes made under this Agreement, excepting the employer sided withholdings. Defendants will calculate and pay the federal income tax withholding for each payment of alleged unpaid wages to Plaintiffs in accordance with I.R.S. Pub. 15 (Circular E), Employer's Tax Guide for use in 2018, Table 8 – Daily or Miscellaneous Pay Period, using a miscellaneous pay period for 365 days. So that Defendants may issue IRS Forms W-2 and 1099 reflecting all payments made under this Agreement, each of the Plaintiffs shall provide Defendants' counsel, at the time that each Plaintiff executes this Agreement, a completed and updated IRS Form W-4 and/or IRS Form W-9.

**3. EFFECTIVE DATE.** Within three (3) business days following execution of this Agreement, the parties shall execute and file with the Court a Joint Motion for Approval of Settlement Agreement. This Agreement shall not become effective or enforceable unless and until it has been fully approved the Court in the Litigation.

**4. CONTINUING JURISDICTION.** The parties agree, and the Court by its approval of this Agreement agrees, that the Court shall have continuing jurisdiction to enforce the terms of this Agreement, resolve any disputes arising out of the Agreement, and supervise all payments made by the Defendants of all consideration to the Plaintiffs and Plaintiffs' counsel. Within fifteen (15) business days after the last payment made to Plaintiffs and Plaintiffs' counsel by the Defendants, Plaintiffs shall file a Notice of Dismissal with the Court, dismissing this Lawsuit against the Defendants with prejudice. The parties further agree to execute and/or have executed by their respective counsel, any such additional documents as be reasonably necessary to effectuate the dismissal with prejudice of this lawsuit against the Defendants.

4

5. **FULL RELEASE OF CLAIMS.** Plaintiffs, on Plaintiffs' own behalf and that of Plaintiffs' heirs, agents, executors, attorneys, administrators, successors and assigns, hereby fully release and discharge Defendants and their predecessors, successors, assigns, divisions, affiliates, parents, subsidiaries, insurers and all of their directors, officers, shareholders, partners, heirs, attorneys and agents, both in their individual and official capacities, (collectively "Released Parties"), from any and all liability, claims, and demands, whether presently known or unknown, from the beginning of time through the effective date of this Agreement, including, but not limited to any claims:

(a) Arising directly or indirectly out of, relating to, or resulting from Plaintiffs' employment; and

(b) Arising under tort, contract or any other common law claim, or by any federal, state, or local law, statute, ordinance, rule, or regulation prohibiting harassment and discrimination, including but not limited to the Civil Rights Acts of 1866, 1871, 1991 and Title VII of the Civil Rights Act of 1964, as amended; the Fair Labor Standards Act; the Maryland Wage/Hour Law; the Maryland Wage Payment and Collection Law; the Employee Retirement Income Security Act of 1974; the Americans with Disabilities Act; the Age Discrimination in Employment Act, as amended; the Family and Medical Leave Act; for equitable relief, compensatory, punitive or other damages, or for expenses including attorneys' fees) (collectively the items in (a) and (b) of this section 2 are referred herein as "Claims"). It is understood and agreed that this is a full and final release applying not only to all claims as defined in this Paragraph that are presently known, anticipated or disclosed to the Plaintiffs, but also to all claims as defined in this

5

Paragraph that are presently unknown, unanticipated, and undisclosed to the Plaintiffs and which may have occurred prior to the date of execution of this Agreement.

By executing this Agreement, Defendants and their predecessors, successors, assigns, divisions, affiliates, parents, subsidiaries, and all of their directors, officers, shareholders, partners, heirs, attorneys and agents, both in their individual and official capacities specifically release all claims against Plaintiffs relating to their former work relationship with Defendants, including without limitation any and all claims pertaining to breach of an express or implied contract arising from their former work relationship with Defendants or in connection with services rendered by each of them to Defendants.

**6. COVENANT NOT TO SUE.** The Parties hereby covenant not to sue, and covenant not to institute or cause to be instituted, or in any way participate in any legal or administrative actions or proceedings against any other Party with respect to the matters released in this Agreement. Nothing in this Agreement shall prevent Plaintiffs from participating in any investigation conducted by the federal Equal Employment Opportunity Commission ("EEOC") or similar federal or state agency. Plaintiffs acknowledge and agree that they have waived any relief available to them (including, without limitation, monetary damages, equitable relief and reinstatement) under any of the Claims and/or causes of action waived in this Agreement. This Paragraph does not prohibit actions necessary to legally enforce this Agreement, nor participation in governmental actions or government investigations which are required or compelled by law, provided that such action or proceeding were not initiated by Plaintiffs.

**7. NO ADMISSIONS.** This Agreement represents a negotiated settlement of disputed claims for the purpose of avoiding the expense, distraction and uncertainty of litigation and/or arbitration. The execution of this Agreement and the negotiations, discussions and

communications in connection with this Agreement are not, and shall not be construed to be, an admission or concession by any Party as to any liability or wrongdoing, or as to the merits of any claim or defense. This Agreement shall not be utilized by any Party as against any other Party, except to prove and enforce its terms.

**8. REPRESENTATIONS OF AUTHORITY.** Each Party to this Agreement represents and warrants to the others that he/she/it has full power and authority to enter into and bind himself/herself/itself to this Agreement.

**9. NON-PUBLICITY.** Except as may be required to effect approval by the Court of this Settlement Agreement and dismissal of the Lawsuit, Plaintiffs will not communicate any information concerning this Settlement Agreement to anyone other than their spouses, accountants and/or attorneys. If Plaintiffs communicate any information concerning this Settlement Agreement to any of the aforementioned persons, Plaintiffs will take appropriate steps to advise any such persons to maintain the fact that this Lawsuit was settled and the terms of this Settlement Agreement are to remain strictly confidential. Without limitation, the Plaintiffs will not publicize the Lawsuit or Settlement Agreement or settlement amount and will not blog, email, or post on any website any statements or information concerning the Lawsuit or Settlement Agreement or settlement amount. If asked, the Plaintiffs may say the Lawsuit was settled on mutually agreeable terms.

**10. NO RE-EMPLOYMENT.** In consideration for the promises made by Defendants in this Agreement, Plaintiffs agree that they will not seek or accept future work from Defendants and/or their parents, affiliates, subsidiaries or successors, now, or at any time in the future. If Plaintiffs or any of them seek or obtain such employment, or becomes employed by Defendants, their parents, affiliates, subsidiaries or successors after execution of this Agreement, this

7

Agreement shall constitute sufficient cause for refusal to hire or for the termination of any such employment.

**11. EXECUTION.** The Parties represent and agree that they have carefully read and fully understand all provisions of this Agreement; that they have had an opportunity to negotiate the terms hereof; that they were represented by counsel; that they have reviewed all aspects of this Agreement with their respective counsel; and that they are entering into it knowingly and voluntarily. Defendants and Plaintiffs agree that this Agreement may be executed in counterparts, each of which shall be deemed an original, but such counterparts shall together constitute one and the same agreement. The signature and execution of this Agreement by any of the parties may be evidenced by facsimile, photocopy, or electronic transmission and such signature and execution shall be deemed to constitute the original signature of the party. Signatures may be made and delivered electronically to the fullest extent permitted under the Maryland Uniform Electronic Transactions Act, Md. Ann. Commercial Law § 21-101, et seq.

**12. GOVERNING LAW.** The Parties agree that the laws of Maryland shall govern this Agreement, and any issues arising hereunder. All controversies or disputes arising out of this Agreement shall be heard in the United States District Court for the District of Maryland, with the Parties hereto consenting and submitting to the jurisdiction and venue of that court. Prior to any filing in court, however, the Parties agree to confer in a good-faith effort to resolve any such issues or disputes.

**13. ENTIRE AGREEMENT.** This Agreement constitutes the entire understanding between the Parties with regard to the matters set forth herein and supersedes any and all previous agreements, written or oral, relating to the subject matter hereof. There are no oral or

written representations, warranties, agreements, arrangements or undertakings between the Parties that are not fully expressed in this Agreement.

**14. AMENDMENT.** Any amendment or modification to this Agreement must be made in writing and signed by all Parties. The waiver by one Party of any breach of this Agreement by another Party shall not be deemed a waiver of any other prior or subsequent breach of this Agreement. The drafting of this Agreement shall be deemed a mutual endeavor by all of the Parties, and shall not be construed against any single Party as the drafter.

**15. NO THIRD-PARTY BENEFICIARIES/THIRD PARTY RELEASES.** There are no third-party beneficiaries of this Agreement, and, with the exception of the persons or entities listed herein, no third party is intended by the Parties to be released hereby from any obligation, duty or liability whatsoever.

**IN WITNESS WHEREOF**, and intending to be legally bound, the Parties have executed the foregoing Settlement Agreement below.

Dated: 6/16/2018 6:12:51 PM PDT   By: *Francisco A. Jimenez*
                                                                              Francisco Jimenez

Dated: _____   By: _____
                                                                              Cristy Jones

Dated: _____   By: _____
                                                                              Gary Howe Jr.

Dated: _____   By: _____
                                                                              David P. Scheffenacker, Jr., on behalf of himself and Canterbury Restaurant, LLC

Dated: _____   By: _____
                                                                              Sakis Georgakopoulos

9

written representations, warranties, agreements, arrangements or undertakings between the Parties that are not fully expressed in this Agreement.

**14. AMENDMENT.** Any amendment or modification to this Agreement must be made in writing and signed by all Parties. The waiver by one Party of any breach of this Agreement by another Party shall not be deemed a waiver of any other prior or subsequent breach of this Agreement. The drafting of this Agreement shall be deemed a mutual endeavor by all of the Parties, and shall not be construed against any single Party as the drafter.

**15. NO THIRD-PARTY BENEFICIARIES/THIRD PARTY RELEASES.** There are no third-party beneficiaries of this Agreement, and, with the exception of the persons or entities listed herein, no third party is intended by the Parties to be released hereby from any obligation, duty or liability whatsoever.

**IN WITNESS WHEREOF**, and intending to be legally bound, the Parties have executed the foregoing Settlement Agreement below.

Dated: _____  By: _____
                                    Francisco Jimenez

Dated: 6/18/2018 1:10:00 PM PDT  By: *Cristy Jones* (DocuSigned)
                                    Cristy Jones

Dated: _____  By: _____
                                    Gary Howe Jr.

Dated: _____  By: _____
                                    David P. Scheffenacker, Jr., on behalf of himself
                                    and Canterbury Restaurant, LLC

Dated: _____  By: _____
                                    Sakis Georgakopoulos

9

written representations, warranties, agreements, arrangements or undertakings between the Parties that are not fully expressed in this Agreement.

**14. AMENDMENT.** Any amendment or modification to this Agreement must be made in writing and signed by all Parties. The waiver by one Party of any breach of this Agreement by another Party shall not be deemed a waiver of any other prior or subsequent breach of this Agreement. The drafting of this Agreement shall be deemed a mutual endeavor by all of the Parties, and shall not be construed against any single Party as the drafter.

**15. NO THIRD-PARTY BENEFICIARIES/THIRD PARTY RELEASES.** There are no third-party beneficiaries of this Agreement, and, with the exception of the persons or entities listed herein, no third party is intended by the Parties to be released hereby from any obligation, duty or liability whatsoever.

**IN WITNESS WHEREOF**, and intending to be legally bound, the Parties have executed the foregoing Settlement Agreement below.

Dated: _____  By: _____
                              Francisco Jimenez

Dated: _____  By: _____
                              Cristy Jones

Dated: 6/18/2018 3:54:20 PM PDT  By: _____
                                      Gary Howe Jr.

Dated: _____  By: _____
                              David P. Scheffenacker, Jr., on behalf of himself
                              and Canterbury Restaurant, LLC

Dated: _____  By: _____
                              Sakis Georgakopoulos

9

written representations, warranties, agreements, arrangements or undertakings between the Parties that are not fully expressed in this Agreement.

**14. AMENDMENT.** Any amendment or modification to this Agreement must be made in writing and signed by all Parties. The waiver by one Party of any breach of this Agreement by another Party shall not be deemed a waiver of any other prior or subsequent breach of this Agreement. The drafting of this Agreement shall be deemed a mutual endeavor by all of the Parties, and shall not be construed against any single Party as the drafter.

**15. NO THIRD-PARTY BENEFICIARIES/THIRD PARTY RELEASES.** There are no third-party beneficiaries of this Agreement, and, with the exception of the persons or entities listed herein, no third party is intended by the Parties to be released hereby from any obligation, duty or liability whatsoever.

**IN WITNESS WHEREOF**, and intending to be legally bound, the Parties have executed the foregoing Settlement Agreement below.

Dated: _____   By: _____
                              Francisco Jimenez

Dated: _____   By: _____
                              Cristy Jones

Dated: _____   By: _____
                              Gary Howe Jr.

Dated: 6/21/18              By: *[signature]*
                              David P. Scheffenacker, Jr., on behalf of himself
                              and Canterbury Restaurant, LLC

Dated: 6/22/18              By: *[signature]*
                              Sakis Georgakopoulos