PLAINTIFF'S
EXHIBIT

3

ALL-STATE LEGAL®

## IN THE U.S. DISTRICT COURT OF MARYLAND
## FOR DISTRICT OF MARYLAND

| | | |
|---|---|---|
| Francisco Jiménez, et al. | * | |
| **Plaintiffs** | * | |
| v. | * | Case No. 1:17-cv-03056-SAG |
| Canterbury Restaurant, LLC | * | |
| (t/a "Timbuktu"), *et al.* | * | |
| **Defendants** | * | |
| | * | |
| _____ | / | |

### DECLARATION OF HOWARD B. HOFFMAN

1.  I, Howard B. Hoffman, Esq., am at least 18 years of age and competent to testify, and I am not a party to, or related to a party, in this action. I serve as counsel to the Plaintiffs in the above-referenced matter.

2.  I am an attorney in private practice, and I concentrate on employment law. From 1999 to 2002, I practiced in two prominent boutique employment law firms representing management clients. I have been practicing law since December 1999. I am admitted to the Maryland bar (since 1999), the District of Columbia bar (since 2007), and the Virginia bar (since 2015), as well as the U.S. Court of Appeals for the Fourth Circuit, the U.S. District Court for the District of Maryland,[1] and the U.S. District Court for Eastern District of Virginia. I have extensive experience prosecuting and defending wage and hour cases and other employment law cases. I opened my own firm in 2002.

3.  I have maintained time and costs records in this case, which I have placed into "RocketMatter"© software. The time records set forth as Exhibit 3-A are true and correct records of time entries inputted on a daily basis, and are contemporaneous business

records held in the ordinary course by my private law practice. The time records reflect actual time expended in the prosecution of this litigation (the "RocketMatter" entries have not been placed into the Court's required lodestar billing format). The time incurred is a reasonable amount, necessarily incurred in order to complete basic objectives in the prosecution of this matter. The time reflects the number of issues that the Defendants have or could raise as a defense in this case. I have also, to the fullest extent practical, specified the time spent per task, and I have avoided the practice of block billing.

4. Through today's date (June 25, 2018), I have incurred a minimum of 85.5 hours in this case at $400.00/hour (see below for basis for this claimed hourly rate), for a total value of $33,640.00. I was generally responsible for all matters and facets of this case, except that I brought on Bradford W. Warbasse, Esq., a lawyer with a separate legal practice, to assist with damage calculations and other aspects of discovery. Mr. Warbasse has incurred 61.5 hours in this case, as of June 1, 2018, valued at $24,600.00. Mr. Warbasse exclusively practices employment law, and has done so since being admitted to the bar in December 1985. Mr. Warbasse's time sheet is attached hereto as Exhibit 4-B. Finally, my associate Jordan S. Liew, Esq assisted was involved in the prosecution of this case as well, and his recorded time through June 1, 2018 was 17.2 hours at a rate of $205/hour.

5. My itemized and reimbursable listed costs in this case are $5,100.84, consisting of the filing fee, postage, expert witness fees, and process server charges. Not included in the itemized costs are the costs involved in extensive computerized legal research (I utilize WESTLAW).

6. Therefore, the total fees and costs incurred to date are $66,866.84.

7. By accepting $55,100.84 for fees and cost reimbursement to Plaintiffs' FLSA claims, I

---

[1] I gained admission to this Court in January 2000.

am therefore discounting ("writing down") part of our time as it relates to this settlement. Notably, these fees and costs were negotiated separately and secondarily, and only after reaching a tentative resolution as to the Plaintiffs' recovery.

8.  In the course of representing businesses and some individuals, I include and bill to my clients any disbursements representing the same costs incurred in this case (e.g., postage, copies, conference calls, court reporters, experts, etc.).

9.  I am an honors graduate of University of Maryland School of Law (May, 1999), where I was the recipient of the "Shawe & Rosenthal" employment law prize, and the "Joseph Bernstein Prize" (for excellence in legal writing). I have been a member of the Maryland bar since December 1999 and this Court since January 2000. I have been a Contributing Revisions Editor, Fair Labor Standards Act (BNA/ABA) since 2002. Together with Bradford Warbasse, Esq., I was asked to speak at a seminar in December 2012, for Maryland Employment Lawyers Association titled "Bringing Your First FLSA Collective Action: The Guts and Glory Of Overtime Wage Cases." I was selected to speak at a Lorman seminar in June 2013 to discuss principles of law under the FLSA. Most recently, I received the honor of being designated a "SuperLawyer"® in Maryland employment law.

10. As stated, I have extensive experience in prosecuting and defending wage and hour lawsuits, and that makes me rather uniquely qualified to provide this Declaration. Many of the well-known reported decisions in the District of Maryland addressing overtime and minimum wage rights, are cases that I have either prosecuted (represented the employee) or defended (represented the employer). These notable and widely cited decisions include, but are not limited to: Rose v. New Day Financial, et al., 816 F.Supp.2d 245,

2011 WL 4103276 (D. Md. Oct. 5, 2011) (Quarles, J.) (represented employer; motion to compel class-waiver arbitration granted); Chapman et al. v. Ourisman Chevrolet Co., Inc., 2011 WL 2651867 (D. Md. 2011) (Williams, J.) (representation of employee class in minimum wage dispute; summary judgment for employer denied); Williams et al. v. ezStorage Corp., 2011 WL 1539941 (D. Md. Apr. 21, 2011) (Bennett, J.) (conditional certification of FLSA collective action on behalf of employees); Gionfriddo et al. v. Jason Zink, LLC, et al., 769 F.Supp.2d 880 (D. Md. 2011) (Bennett, J.) (represented employer in FLSA case; granting motion for decertification); Dorsey et al. v. The Greene Turtle Franchising Corp., 2010 WL 3655544 (D. Md. 2010) (Blake, J.) (represented employees; grant of conditional certification of FLSA collective action); Williams et al. v. Long (d/b/a "Charm City Cupcakes"), 585 F.Supp.2d 679 (D. Md. 2008) (Grimm, J.) (represented employees; grant of conditional certification of FLSA collective action (widely cited in District)); Spencer v. Central Services, LLC, et al., Case No. CCB-10-3469, 2012 WL 142978 (D. Md. Jan. 13, 2012) (grant of attorneys' fees and costs in FLSA case); Dorsey et al. v. TGT Consulting, LLC, 888 F.Supp.2d 670, 2012 WL 3629209 (D. Md. Aug. 20, 2012) (Blake, J.) (holding employee's earning statements were insufficient to inform employees of FLSA's tip credit requirements); Saman v. LDBP, Inc., 2012 WL 5463031 (D. Md. Nov. 7, 2012) (Chasanow, J.) (dismissal of supplemental state claim of wrongful discharge in FLSA case).   Several of the aforementioned decisions resulted in additional precedent setting decisions in that same case, although they are not cited here.

11. Additionally, while I would like to remain modest about my accomplishments in my eighteen (18) years of practice, two of the more frequently cited published decisions involving the First Amendment rights of law enforcement whistleblowers, decided by the U.S. Court of Appeals for the Fourth Circuit within the last decade, are cases that I prosecuted on behalf law enforcement whistleblowers, see, e.g., Andrew v. Clark, 561 F.3d 261 (4th Cir. 2009) (representation of law enforcement officer in claim of First Amendment retaliation and due process); Durham v. Jones, 737 F.3d 291 (4th Cir. 2013) (affirming judgment of judgment was obtained in the amount of $1,112,200.00 against Somerset County Sheriff; defeating claims of qualified immunity in First Amendment retaliation case).

12. Moreover, my work frequently casts me into the spotlight.  By way of example, I have been quoted, or my work has been featured, in the following news articles: "Deputy Gets Powers Back," The Maryland Daily Record, Pg. 1A, Aug. 14, 2013; "Tip & Fight; Famed Baltimore Restaurant Sip & Bite on the Hook for Unfair Labor Practices," Baltimore City Paper ("Mobtown Beat column"), Aug. 21, 2013; "Sheriff Owes Deputy $1.1M," The Maryland Daily Record, Pg. 1A, December 11, 2013; "Pet Peeve – Outcry Over Baltimore County Animal Shelter Erupts in Free-Speech Lawsuit," Baltimore City Paper ("Mobtown Beat column"), June 4, 2014; "State Courts Can Decide Overtime Disputes, Enhance Damages," The Maryland Daily Record, Pg. 1A, Aug. 18, 2014.  My Section 1983 work on behalf of animal advocates in Baltimore County, Fancy Cats Rescue Team, Inc., et al. v. Baltimore County, Md., et al., BPG 14-1073, gained nationwide attention. See        http://www.chicagotribune.com/lifestyles/pets/ct-pets-shelter-silence-0129-20150129-story.html ("Bredar's decision could have implications around the country.")

13. I have not charged (and will not charge) any Plaintiffs in this case for any of the costs or fees that have been incurred in this case. No contingency fee is being charged to any Plaintiff.

14. To calculate the Plaintiffs' losses, I hired an expert witness, Elana Schulman, CPA/CFE, whose work has been recognized by this Court. <u>See Mould v. NJG Food Services, Inc., et al.</u>, JKB 13-1305, 2013 WL 6331286, *17 (D. Md. Dec. 4, 2013) (Bredar, J.) (Observing in an FLSA case, "[t]he Court agrees with the general principle behind Ms. Schulman's calculation."). A true and correct copy of the summary of Ms. Schulman's expert report and calculations is attached as Exhibit 1 to the Joint Motion for Approval of FLSA Settlement. (An easy summary of total losses, as calculated by Ms. Schulman, is located on page 10 of the Report (listed as Exhibit I)).

15. I believe that the compromised amount is fair and reasonable for a variety of reasons, some of which involve attorney work product protected impressions. One significant issue in this case, which was raised during discovery, concerned the number of "off-the-clock" hours that Plaintiffs believed that they were owed.

16. As part of this settlement, Plaintiff Howe will receive a total of $26,460.50.

17. As part of this settlement, Plaintiff Jones will receive a total of $40,241.92.

18 As part of this settlement, Plaintiff Jimenez will receive a total $68,297.58.

19. In recovering these amounts, Plaintiffs are recovering is receiving slightly more than 1.7x their respective calculated compensatory losses. The total range of loss is set forth in Exhibit 1, pg. 10.

20. In my opinion, the payment of these sums as settlement to the Plaintiffs, with no legal fees or costs charged to the Plaintiffs, represent fair and reasonable resolutions to their FLSA claims, based on my experience handling scores of FLSA cases and the specific issues involved in this case. Naturally, each Plaintiff supports the settlement outcome in this case and personally participated in the mediation which resolved their respective claims.

21. Before I began my <u>eighteenth</u> year of practice, I received awards of $300.00 an hour, under an old lodestar guideline, in the following cases: <u>Chapman et al. v. Ourisman Chevrolet Co., Inc.</u>, 2011 WL 2651867 (D. Md. 2011) (Williams, J.) (granting $300.00/hour to Hoffman based on review of credentials and declarations of attorneys in the community); <u>Spencer v. Central Services, LLC, et al.</u>, Case No. CCB-10-3469, 2012 WL 142978 (D. Md. Jan. 13, 2012) (Blake, J.) (granting Hoffman $300.00/hour in attorneys' fees, referring to Hoffman's work as "laudable", and granting all time requested by Hoffman in an FLSA case); <u>Durham v. Jones</u>, WMN 10-2534, 2012 WL 3985224 (D. Md. Sept. 10, 2012) (Nickerson, J.) (granting Hoffman $300.00/hour, and remarking that Hoffman's timesheets "thoroughly account[ed]" for claimed hours). I was most recently awarded an increase to $400/hour in <u>Jackson et al. v. Egira, LLC, et al.</u>, RDB 14-3114, 2016 WL 5815850 (D. Md. Oct. 5, 2016).

22. I am requesting that the Court value my time at a rate of $400.00 an hour in this case, *although the effective hourly rate is lower as I have discounted my legal fees and costs in the interest of settlement.* This rate is consistent with the revised Lodestar Guidelines adopted by the U.S. District Court, especially for an attorney who regularly handles

precedent-setting decisions, whose work attracts and receives media attention, and who regularly speaks on employment law topics, including to fellow attorneys. The complexity, duration, and skill required in this case deserve a rate of $400.00.

23. Additionally, I am requesting that the Court value the time of my associate (Jordan Liew) at an hourly rate of $205/hour. This rate is consistent with the revised Lodestar Guidelines adopted by the U.S. District Court. Mr. Liew is well-educated experienced lawyer, and otherwise has stellar credentials as outlined in his Declaration. I believe that the market rate assigned to Mr. Liew is also very appropriate, given my own review of associate time in other cases in which I have defended:


**DECLARANT FURTHER SAYETH NAUGHT**

I solemnly affirm under the penalties of perjury that the contents of the foregoing are true and correct.

Howard B. Hoffman, Esq.

June 25, 2018