

IN THE U.S. DISTRICT COURT OF MARYLAND
FOR DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **Francisco Jimenez, et al** | * | |
| **Plaintiff** | * | |
| v. | * | Case No. SAG-17-3056 |
| | * | |
| **Canterbury Restaurant, LLC, et al.** | * | |
| **Defendants** | * | |

## DECLARATION OF BRADFORD W. WARBASSE

1. I, Bradford W. Warbasse, Esq., am at least 18 years of age and competent to testify. Together with my co-counsel, Howard B. Hoffman, Esq., I serve as counsel to the Plaintiffs in this matter.

2. I am a graduate of Boston University School of Law (May, 1985), and have been a member of the Maryland bar since 1985. My practice is primarily focused on representing plaintiffs in labor and employment matters, including individual and collective actions under the Fair Labor Standards Act. I have obtained a number of favorable decisions on behalf of FLSA plaintiffs in the District of Maryland, including Rogers, et al. v. Savings First Mortgage, LLC, 362 F. Supp. 2d 624 (D. Md. 2005) (Nickerson, J.) (summary judgment granted with respect to claims by 43 loan officers for unpaid minimum wages and/or overtime compensation under the FLSA, and unpaid bonuses under the Maryland Wage Payment and Collection Law); Schultz, et al. v. All-Fund, Inc., 2007 WL 2333049 (D. Md. 2007) (Motz, J.) (summary judgment granted; minimum wage and overtime claims); Speert et al. v. Proficio Mortgage Ventures, LLC, 2010 WL 446047 (D. Md. 2010) (Bennett, J.) (denying an *Iqbal* motion to dismiss); Speert et al. v.

Proficio Mortgage Ventures, LLC, 2011 WL 2417133(D. Md. 2011) (Bredar, J.) (partial summary judgment granted; Minimum wage and overtime claims); Dorsey et al. v. The Greene Turtle Franchising Corp., 2012 WL 3622909 (D. Md. 2012) (Blake, J.) (defense motion for summary judgment or, in the alternative, to decertify a class of 63 plaintiffs denied); and Chapman et al. v. Ourisman Chevrolet Co., Inc., 2011 WL 2651867 (D. Md. 2011) (Williams, J.) (representation of employee class in minimum wage dispute; summary judgment for employer denied)

3.   I have been awarded an hourly rate of $400.00 by this Court for serving as Plaintiffs' counsel in a number of FLSA collective and individual actions, including: Jackson, et al. v. Egira, LLC, et al., RDB-14-3114, 2016 WL 5815850 (D. Md. Oct. 5, 2016) (Bennett, J.); Dorsey et a. v. TGT Consulting, LLC, et al.,2014 WL 458999 (D. Md. 2014) (Blake, J.); Chapman et al. v. Ourisman Chevrolet Co., Inc., Case No. AW 08-2545, 2011 WL 2651867, *16 (D. Md. 2011) (Williams, J.) (granting $400.00/hour to Warbasse based on review of credentials and declarations of attorneys in the community).

4.   The time records attached as Exhibit 4-A are true and correct records of time entries recorded on a daily basis, and are contemporaneous business records held in the ordinary course by my practice. The requested time is a reasonable amount, necessarily incurred in order to complete basic objectives in the prosecution of this case.

5.   By agreeing to cap the fees of Plaintiffs' counsel at the settlement conference on June 1, 2018, I have not requested any fees (or even recorded) the time spent preparing the Settlement Agreement of the Joint Motion for Approval of FLSA Settlement Agreement. I spent 61.5 hours of compensable time on this case up through and including June 1, 2018. (Exh. 4-A). However, the agreement to accept payment of $50,000.00 for *all* of the attorneys' fees incurred

in this case represents a substantial reduction and compromise in the amount of attorneys' fees incurred by Plaintiffs' counsel.

I declare under the penalties of perjury that the foregoing is true and correct.

June 19, 2018

*Bradford W. Warbasse*
Bradford W. Warbasse, Esq.